UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZACHARY KAMEL,<br><br>                              Plaintiff,<br>     -v-<br><br>Metropolitan Transportation Authority Police Department ("MTAPD") LIEUTENANT LAKERAM; OFFICER JOSEF PEREZ (Shield No. 02046); OFFICERS JOHN DOE 1 and JOHN DOE 2 (The names being fictitious, as the true names and shield numbers are not presently known), in their individual and official capacities;<br><br>                              Defendants. | COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>Index No. 13 CV 1652 (HB) |

ZACHARY KAMEL, by his attorneys REBECCA HEINEGG and MEGHAN MAURUS of the Law Office of Maurus & Heinegg, as and for his complaint, does hereby state and allege:

**PRELIMINARY STATEMENT**

1. This is a civil rights action brought to vindicate Mr. KAMEL's rights under the First, Fourth, and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983; and under the Civil Rights Act of 1870, *as amended*, codified as 42 U.S.C. § 1981.

2. Mr. KAMEL's rights were violated when officers of the Metropolitan Transportation Authority Police Department ("MTAPD") unconstitutionally and without any legal basis seized, detained, and arrested him in retaliation for Mr. KAMEL's exercise of his First Amendment-protected right to freedom of speech. Mr. KAMEL's rights were further violated when he was subjected to excessive force and an unreasonable use of canine force. By reason of defendants' actions, Mr. KAMEL was deprived of his constitutional rights.

1

3. Mr. KAMEL seeks an award of compensatory and punitive damages and attorneys' fees.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343 (3-4).

5. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of the First, Fourth and Fourteenth Amendments of the Constitution of the United States.

6. Venue is proper pursuant to 28 U.S.C. §1391(b) in that Mr. KAMEL's claims arose in the Southern District of New York.

7. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

**PARTIES**

8. Zachary KAMEL is a Caucasian male, and at all times relevant to this action was a resident of Kings County, New York.

9. Defendants Lieutenant LAKERAM, Officer JOSEF PEREZ, and Officers JOHN DOES 1 and 2 were at all times relevant herein officers, employees and agents of the MTAPD. Officer JOHN DOE 2 is a member of the K-9 Unit.

10. At all times relevant to this action, Defendants MTAPD Lieutenant LAKERAM, Officer JOSEF PEREZ and Officers JOHN DOES 1 and 2 were acting under color of state law as agents, servants, employees and officers of the MTAPD. They were acting for and on behalf of the MTAPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the MTAPD.

11. The individual defendants are being sued in their official and individual capacities.

12. The true names and shield numbers of defendants MTAPD Officers JOHN DOE 1 and JOHN DOE 2 are not currently known to Mr. KAMEL.

13. Defendants' acts herein complained of were carried out intentionally, recklessly, negligently, and with malice and gross disregard for Mr. KAMEL's rights.

## STATEMENT OF FACTS

14. The incident alleged herein occurred at approximately 5:30 p.m. on January 3, 2012 in the vicinity of Grand Central Terminal, New York, New York and continued thereafter as set forth below.

15. At the time set forth in paragraph 14, Mr. KAMEL was present at Grand Central Station for a protest against the National Defense Authorization Act ("NDAA").

16. The NDAA, signed into law by President Obama in 2012, codified indefinite military detention without charge or trial for the first time in American history.

17. At the date and time set forth in paragraph 14, several individuals gathered in Grand Central Terminal and read statements condemning certain provisions of the National Defense Authorization Act.

18. Mr. KAMEL observed as the police arrested Lauren DiGioia without warning as she read her statement aloud.

19. Mr. KAMEL then stated, in sum and substance, "Is this the America you want to live in? Where you express your first amendment and they throw you out the door in cuffs?"

20. Following Mr. KAMEL's statement, MTAPD Lieutenant LAKERAM approached Mr. KAMEL, grabbed Mr. KAMEL by the shoulders, and began dragging him down the hallway.

21. MTAPD Officer JOHN DOE 1 then grabbed Mr. KAMEL by the neck, choking him with his arm, and continued dragging him into an area that the police had blocked off to the public.

22. As MTAPD Officer JOHN DOE 1 dragged Mr. KAMEL, MTAPD Officer JOHN DOE 2 grabbed Mr. KAMEL, and MTAPD Officer JOHN DOE 2 permitted his police dog to lunge at Mr. KAMEL and bite his inner thigh, ripping Mr. KAMEL's pants and causing serious physical injury.

23. Mr. KAMEL was then taken to an MTAPD office in Grand Central Terminal.

24. At the MTAPD office, Mr. KAMEL's injury was treated by EMTs who determined that the wound required treatment in a hospital.

25. At approximately 10 p.m., Mr. KAMEL was transported from Grand Central Terminal to Bellevue Hospital Center, where his wound was dressed.

26. Mr. KAMEL was then transported back to the MTAPD office at Grand Central Terminal, and then to Central Booking, where he remained for approximately 19 hours before he was eventually arraigned and released on his own recognizance.

27. Mr. KAMEL was charged with one count of Obstruction of Governmental Administration in the Second Degree, and one count of Resisting Arrest.

28. In a sworn information, Officer JOSEF PEREZ made the following factual allegations against Mr. KAMEL:

> Deponent states that deponent observed defendant attempt to walk down a stairwell inside of Grand Central Station that had been closed by several members of the

New York City Police Department. Deponent further states that deponent repeatedly told defendant that said stairwell was closed and that defendant charged towards deponent and several other police officers in an effort to walk down said stairwell while stating in sub [sic] and substance: I'M ALLOWED TO WALK HERE. YOU POLICE ARE ABUSING YOUR POWER.

Deponent further states that defendant resisted arrest in that defendant: (1) held defendant's arms tightly to defendant's chest; (2) kicked defendant's legs; (3) and later flailed defendant's arms in the air to prevent defendant's arms from being handcuffed.

29. Officer Perez made the sworn statement quoted above, on the basis of which Mr. KAMEL was arrested and charged, with full knowledge that the statement was false.

30. Multiple videos taken at the time of Mr. KAMEL's arrest demonstrated that the allegations sworn to by Officer JOSEF PEREZ were false.

31. On November 5, 2012, the charges against Mr. KAMEL were dismissed on motion of the District Attorney.

32. As a result of this incident, Mr. KAMEL suffered physical, psychological and emotional injuries, mental anguish, suffering, humiliation and embarrassment. Mr. KAMEL also has a two-inch scar on his leg from the dog bite, which still causes him pain.

## FIRST CAUSE OF ACTION
## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983

33. Mr. KAMEL incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

34. Defendants Lieutenant LAKERAM, Officer JOSEF PEREZ, and Officers JOHN DOES 1 and 2, under color of state law, unlawfully seized and arrested Mr. KAMEL.

35. Defendants Lieutenant LAKERAM, Officer JOSEF PEREZ, and Officers JOHN DOES 1 and 2 did not have probable cause to arrest Mr. KAMEL, nor was it objectively reasonable for Defendants to believe that they did have probable cause to arrest Mr. KAMEL.

36. Defendants' decision to arrest Mr. KAMEL was based upon Mr. KAMEL's exercise of his First Amendment protected right to freedom of speech and not upon Mr. KAMEL's violation of any provision of the penal law.

37. Defendants Lieutenant LAKERAM, Officer JOSEF PEREZ, and Officers JOHN DOES 1 and 2, acting willfully and maliciously, commenced and continued a false prosecution against Mr. KAMEL, and caused him to be prosecuted.

38. Defendants Lieutenant LAKERAM, Officer JOSEF PEREZ, and Officers JOHN DOES 1 and 2 did not have probable cause to commence and continue a criminal proceeding against Mr. KAMEL.

39. Mr. KAMEL was unjustifiably deprived of his liberty for at least 27 hours as a result of the false arrest.

40. The criminal proceedings were terminated in Mr. KAMEL's favor.

41. By the conduct described above, Defendants, under color of state law, subjected Mr. KAMEL to the foregoing acts and omissions without due process of law and in violation of the First, Fourth, and Fourteenth Amendments to the United States Constitution, through 42 U.S.C. § 1983, thereby depriving Mr. KAMEL of his rights, privileges and immunities, including, without limitation, deprivation of the following constitutional rights:

   a. Freedom to engage in protected speech, expression and association; and
   b. Freedom from unreasonable seizures of his person, including the excessive use of force;
   c. Freedom from arrest without probable cause;
   d. Freedom from false imprisonment, meaning wrongful detention without good faith, reasonable suspicion or legal justification, and of which Mr. KAMEL was aware and did not consent;
   e. Freedom from the lodging of false charges against him by police officers;

    f. Freedom from malicious prosecution by police, that being prosecution without probable cause that is instituted with malice and that ultimately terminated in Mr. KAMEL's favor;

    g. The enjoyment of equal protection, privileges and immunities under the laws.

42. Defendants' deprivation of Mr. KAMEL's constitutional rights resulted in the injuries and damages set forth above.

## JURY DEMAND

43. Mr. KAMEL demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, Mr. KAMEL demands judgment against the defendants individually and jointly and prays for relief as follows:

    a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

    b. That he be awarded punitive damages against the individual defendants; and

    c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

    d. For such other further and different relief as to the Court may seem just and proper.

Dated: New York, New York
        March 12, 2013

Respectfully submitted,

By: *[signature]*

Rebecca Heinegg (RH3743)
Meghan Maurus (MM5823)
Maurus & Heinegg
*Attorneys for the Plaintiff*
299 Broadway, Suite 806
New York, New York 10013
t: (212) 227-2303
f: (917) 591-5494